UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES L. BOBO,<br><br>           Plaintiff,<br><br>      v.<br><br>COUNTY OF FRESNO DEPENDENCY COURT,<br><br>           Defendant. | Case No. C11-831-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Charles L. Bobo has filed with this Court an application for leave to proceed in forma pauperis (IFP) and the instant civil complaint. Dkt. 1. The matter has been referred to the undersigned United States Magistrate Judge. Dkt. 2. The Court has granted Mr. Bobo's IFP application by separate Order and will now proceed to screen his complaint under 28 U.S.C. § 1915(e)(2).

Mr. Bobo's complaint alleges that the County of Fresno Dependency Court improperly took jurisdiction over a juvenile dependency proceeding involving his daughter. He asks the Court to grant him custody of his daughter.

Mr. Bobo previously filed with this Court a complaint nearly identical to this one. *See Bobo v. County of Fresno Dependency Court*, Case No. C09-320-RSL. After directing Mr. Bobo to

REPORT AND RECOMMENDATION - 1

show cause why that complaint should not be dismissed for failure to state a claim on which relief could be granted, the Court dismissed the case under the domestic relations exception to federal diversity jurisdiction. As the Court noted, the Ninth Circuit has stated:

> "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930) (quoting *In re Burrus*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53, 34 L.Ed. 500 (1890)). In keeping with this principle, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir.1968); *see also Csibi v. Fustos*, 670 F.2d 134, 137-38 (9th Cir.1982).

*Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

The Court finds that Mr. Bobo's current complaint suffers from the same defect as his previous complaint and therefore fails to state a claim on which relief can be granted. Mr. Bobo again asks this Court to interfere with a state court's custody determination. The Court should decline to exercise jurisdiction over this case.

The Court must give a pro se plaintiff notice of a complaint's defects and leave to amend, unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, Mr. Bobo would have to abandon his claim and allege an entirely new cause of action in order to proceed with this case. The Court recommends against granting Mr. Bobo leave to amend because it is clear that he cannot cure his pleading defects.

///

///

///

REPORT AND RECOMMENDATION - 2

1  Because Mr. Bobo's complaint fails to state a claim on which relief can be granted, the
2  complaint and this case should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).
3  A proposed order accompanies this Report and Recommendation.

4  DATED this 18th day of May, 2011.

    _____
    BRIAN A. TSUCHIDA
    United States Magistrate Judge

REPORT AND RECOMMENDATION - 3